# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| | |
|---|---|
| PATRICIA BRAY, et al., <br>     Plaintiffs, <br><br> vs. <br><br> FRESENIUS MEDICAL CARE <br> AKTIENGESELLSCHAFT, Inc. et al., <br>     Defendants. | Case No. 06 C 50197 <br><br> Magistrate Judge <br> P. Michael Mahoney |

## MEMORANDUM OPINION AND ORDER

**I. Introduction:**

On February 16, 2007, Plaintiffs filed a Motion to Compel discovery from Defendant Fresenius Medical Care Aktiengesellschaft (a German entity properly titled Fresenius Medical Care AG & CO KGaA, hereinafter referred to as FMC KGaA). For the following reasons, the motion is granted in part.

**II. Background:**

On October 20, 2006, this products liability case was removed from the Nineteenth Judicial Circuit, McHenry County Illinois, pursuant to 28 U.S.C. § 1332. Plaintiff's Amended Complaint states that Defendant FMC KGaA "regularly and continuously did business within the State of Illinois by designing, manufacturing, selling, and distributing peritoneal dialysis products," including the model which allegedly ignited during use, causing a house fire that

1

killed three people and injured a fourth. Plaintiff's Amended Complaint at 4.

On November 29, 2006, Defendant filed a Motion to Dismiss under Rule 12(b)(2). Defendant's motion claims it is not subject to personal jurisdiction in the State of Illinois because: 1) it lacks minimum contacts with the state; and, 2) it lacks control over the day-to-day activities of its subsidiaries such that the acts of its subsidiaries cannot be imputed to it. FMC KGaA is a German entity which is the parent company of Fresenius Medical Care Holdings Inc., a New York corporation with its principal place of business in Massachusetts. Fresenius Care Medical Holdings Inc. and its direct and indirect subsidiaries are the ones that conduct operations in North America, not FMC KGaA. Defendant's Motion to Dismiss at 3.

On December 8, 2006, the Court granted the parties until December 22, 2006, to conduct discovery solely as to the personal jurisdiction issue. On January 31, 2007, Defendant filed an Agreed Emergency Motion for an Extension of Time to Provide a Response to Plaintiff's Jurisdictional Interrogatories and Requests to Admit. The Court granted Defendant until February 7, 2007, to provide its responses. Defendant's responses were timely received by Plaintiff.

However, Defendant's responses included objections to certain interrogatories and requests to admit. Because the parties were unable to resolve their differences by conducting a Local Rule 37.2 consultation, Plaintiff filed its Motion to Compel on February 16, 2007. The briefing schedule on Defendant's Motion to Dismiss was stayed, pending a resolution of the Motion to Compel.

Plaintiff's Motion to Compel claims that each of the contested interrogatories and requests to admit seek information regarding FMC KGaA's control over its subsidiaries and/or

its contacts with the state of Illinois. Plaintiff claims that the disputed discovery requests are, therefore, properly the subject of discovery.

Defendant claims that the contested interrogatories and requests to admit either seek irrelevant information or are overbroad and ambiguous. The following overview of personal jurisdiction is provided to help frame the proper scope of discovery in this case.

**III. Personal Jurisdiction:**

Though a complaint need not include facts alleging personal jurisdiction, once a defendant moves to dismiss the complaint under Rule 12(b)(2), the plaintiff bears the burden of demonstrating the existence of personal jurisdiction. *Purdue Research Found. v. Sanofi-Synthelabo*, *S.A.,* 338 F.3d 773, 782 (7th Cir. 2003). There are two types of personal jurisdiction: specific jurisdiction and general jurisdiction.

Specific jurisdiction over a non-resident defendant exists in a suit "arising out of or related to the defendant's contacts with the forum." *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 n. 8 (1984); 16 James Wm. Moore et al., *Moores Federal Practice*, §108.40 (3d ed. 2005) ("[S]pecific jurisdiction is jurisdiction to adjudicate claims arising from the defendant's contacts with the forum state."). Specific jurisdiction requires a showing by the Plaintiff that the non-resident defendant has purposely established significant contacts with the forum state which are not random, fortuitous or attenuated. *Burger King v. Rudzewicz*, 471 U.S. 462, 475, 486 (1985).

General jurisdiction over a non-resident defendant exists where, even though the suit does not arise out of or relate to any specific activity of the foreign party within the forum state,

there are nevertheless "continuous and systematic general business contacts" with the forum state sufficient to satisfy principles of due process. *Helicopteros,* 466 U.S. at 416; 16 James Wm. Moore et al., *Moores Federal Practice*, §108.40 (3d ed. 2005) ("general jurisdiction ordinarily exists only when the defendant's forum connections are continuous, systematic and substantial."). "[A]s a general rule, the jurisdictional contacts of a subsidiary corporation are not imputed to the parent [corporation]." *Purdue Research Foundation v. Sanofi-Synthelabo*, *S.A.,* 338 F.3d 773, 788 n.17 (7th Cir. 2003); *see also Keeton v. Hustler Magazine*, *Inc.,* 465 U.S. 770, 781 n.13 (1984). However, jurisdiction over a parent can be based on jurisdiction over a subsidiary where: 1) the parent and subsidiary have not observed corporate formalities; or, 2) the parent exercises an unusually high degree of control over the day-to-day operations of the subsidiary. *See Erie Foods Int'l. V. Apollo Group & Appollo USA, Inc.*, 2006 WL 932344 (N.D. Ill. April 10, 2006).

The Supreme Court has cautioned that "[g]reat care and reserve should be exercised when extending our notions of personal jurisdiction into the international field." *Asahi Metal Indus. Co. v. Superior Court of California*, 480 U.S. 102, 115 (1987) (citations omitted). "Foreign nationals usually should not be subjected to extensive discovery in order to determine whether personal jurisdiction over them exists." *Central States, Southeast and Southwest Areas Pension Fund v. Reimer Express World Corp.,* 230 F.3d 934, 946 (7th Cir. 2000). With this in mind, the court has made the following determination.

Defendant is to answer only the discovery requests which speak to the issue of personal jurisdiction as outlined above. The court has determined that Interrogatories 3, 17, 19, 20, 21, and 22 must be answered by the Defendant, in addition to Requests to Admit 36, 40, 41, 42, 43,

4

44, 49, 50, and 67. The remaining discovery requests are beyond the scope of the narrow jurisdictional inquiry before the court and need not be answered at this stage.

**IV. Conclusion**

Plaintiffs' Motion to Compel is granted in part. Defendant's answers to the specified discovery requests are due by May 16, 2007. The briefing schedule for Defendant's Motion to Dismiss is reestablished as follows: Plaintiff's Response is due June 6, 2007; Defendant's Reply is due June 13, 2007.

ENTER:

_____
P. MICHAEL MAHONEY, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

DATE: April 18, 2007